IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KRAIG PAYNE,

    Plaintiff,

v.

BRIDGWELL,

    Defendant.

Case No. 25-cv-732-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Payne's Complaint (Doc. 1) alleging that Officer Bridgwell failed to protect him was dismissed without prejudice for failure to state a claim, but he was granted leave to file an amended pleading (Doc. 13). In Payne's Amended Complaint (Doc. 14), Payne again alleges that Bridgwell failed to protect him from a safety hazard, in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Payne alleges on May 6, 2025, Correctional Officer Bridgwell implemented a bad crisis procedure (Doc. 14, p. 7). He allegedly placed Payne in a crisis cell that also had a clear plastic bag (*Id.*). Although Bridgwell looked around the cell before leaving, Payne alleges that Bridgwell failed to locate the bag or ensure Payne's safety. On a subsequent shift, Payne handed the plastic bag to another correctional officer (*Id.*).

In addition to his statement of claim, Payne attached a grievance that also documented the incident. Payne alleged that Bridgwell placed him in a cell that had a small clear bag, like those used to store clothing or property (Doc. 14, p. 4). Payne alleged that the item was probably left by another inmate. The cell was not cleaned or searched prior to his placement (*Id.*). Nor did Bridgwell locate the bag after placing Payne in the cell. Payne gave the bag to another correctional officer for everyone's safety, although he noted he could have used the bag to harm himself (*Id.*).

## Discussion

Payne once again fails to state a viable claim against Officer Bridgwell. In order to allege a viable failure to protect claim, a plaintiff must allege that the harm to him was "objectively, sufficiently serious and that the defendants acted with deliberate indifference to his health or safety." *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (quotations omitted). In order to be liable for an inmate's self-harm, "a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Sanville v. McCaughtry*, 266 F.3d 724, 737 (7th Cir. 2001) (quoting

*Turbin v. Cnty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000)). Here, Payne merely alleges that Bridgwell failed to take note of a plastic bag left in the cell by a prior tenant. He fails to allege that Bridgwell was even aware of the presence of the plastic bag, only that he failed to conduct proper "crisis procedure" to locate the bag. At most, Payne's allegations rise to the level of negligence in Bridgwell's failure to notice the bag in the cell. Negligence, however, does not amount to deliberate indifference. *Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) (citing *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996)).

Thus, Payne fails to state a claim. This is Payne's second attempt to state a viable claim and he has been unable to do so. The Court finds that further amendment would be futile.

## Disposition

For the reasons stated above, Payne's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim. The dismissal counts as one of Payne's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Payne is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Payne wishes to appeal this Order, he must file a notice of appeal with this Court within **30 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Payne does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133

F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Payne may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  July 25, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**